UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-20023-CIV-MOORE/SIMONTON

SQUARE D COMPANY,

    Plaintiff,

v.

MIAMI BREAKER, INC., et al.,

    Defendants.
_____/

### ORDER REQUIRING SUPPLEMENTAL MEMORANDUM OF LAW RE: JURISDICTION

Presently pending before this Court is Defendant, Miami Breaker, Inc.'s (hereafter Miami Breaker), Motion To Enforce Confidentiality and Non-Disclosure Covenants In Settlement Agreement (DE # 102). This matter is referred to the undersigned Magistrate Judge (DE # 103). The motion is fully briefed (DE ## 104, 105).

I.  **Background**

Plaintiff Square D Company (hereafter Square D), proceeded under a one-count Verified Amended Complaint alleging that Defendants sold counterfeit Square D circuit breakers, in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a)(1) (DE # 36).

On October 2, 2007, the parties settled this matter at mediation (DE # 101). On October 3, 2007, the parties filed a joint request for entry of an agreed consent order for permanent injunctive and other relief. The parties attached to the request an agreed consent order (DE # 99). On October 9, 2007, the District Court entered the agreed consent order (DE # 100).

II.  **The Jurisdictional Issue**

A District Court does not have inherent power to enforce the terms of a settlement agreement under the doctrine of ancillary jurisdiction. *See Kokkonen v. Guardian Life*

*Ins. Co. of America*, 511 U.S. 375, 379-81 (1994) (District Court had no ancillary jurisdiction to enforce settlement agreement, where action was dismissed pursuant to the agreement, but the Court did not retain jurisdiction to enforce settlement agreement); *accord In re T2 Medical Inc. Shareholder Litigation*, 130 F.3d 990, 994-95 (11th Cir. 1997) (District Court which had retained jurisdiction to enforce settlement agreement did not have jurisdiction to modify settlement agreement); *cf. Mirage Resorts, Inc. v. Quiet Nacelle Corp.*, 206 F.3d 1398, 1400-01 (11th Cir. 2000) (District Court lacked jurisdiction to consider a motion by senior creditor to trace and recapture garnished funds where the motion was filed eight months after the District Court had entered a final order on the garnishment, the Court had not retained jurisdiction over the garnishment action, and the senior creditor was not proceeding under Rule 60(b)).

In the case at bar, the Court adopted the consent order proposed by the parties, which stated as to the Consent Order itself:

> 9.  This Court shall retain jurisdiction to enforce this Order and over the parties.  Except to the extent of the administrative jurisdiction of the CPSC, [the parties] agree that this Court shall have exclusive venue over any and all disputes that may arise under this Order.

(DE # 100 at 3, para. 9).

However, in the Consent Order, the Court did not retain jurisdiction over the settlement agreement, specifically stating:

> 10.  The parties have entered into a separate settlement agreement relating to all pending claims, and, based thereupon, all claims are dismissed with prejudice with each party to bear its own fees and costs.

(DE # 100 at 4, para. 10).

Thus, Miami Breaker here seeks to enforce a settlement agreement which was not either adopted or approved by the District Court.  Under analogous circumstances, in

*Kokkonen*, the United States Supreme Court ruled that the District Court did not have ancillary jurisdiction to enforce a settlement agreement. Thus, it appears that this Court does not have jurisdiction to enforce the Settlement Agreement, and that jurisdiction over any proceedings on the Settlement Agreement would be vested in state court rather than federal court.

Therefore, it is hereby

**ORDERED** that, if Miami Breaker seeks to pursue enforcement of the Settlement Agreement in this Court, then on or before August 20, 2008, Miami Breaker shall file a Supplemental Memorandum on the issue of the Court's jurisdiction to enforce the Settlement Agreement. Square D shall file a response within five business days of service of the Supplemental Memorandum.

**DONE AND ORDERED** in chambers, in Miami, Florida, on August 12, 2008.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable K. Michael Moore,
    United States District Judge
All counsel of record